United States District Court
Southern District of Texas
**ENTERED**
November 28, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| EUNICE GARZA, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL NO. 2:16-CV-182 |
| § | |
| CIGNA LIFE INSURANCE COMPANY § | |
| OF NEW YORK, *et al*, § | |
| § | |
| Defendants. § | |

# ORDER

The Court is in receipt of Plaintiff's Agreed Motion to Set Aside Default Judgment and Dismiss with Prejudice. Dkt. No. 22. For the reasons stated below, the Court **GRANTS** this motion.

### I. Background

Plaintiff Eunice Garza ("Garza") originally filed her petition against Cigna Life Insurance Company of New York ("Cigna") and L-3 Communication, Inc.[1] in Nueces County, Texas. Pl.'s Pet. attached to Notice of Removal, Dkt. No. 1, Ex. A at 5. Her cause of action arose from a dispute over employee disability benefits provided to Garza as a result of her prior employment with L-3 Communications Vertex Aerospace, LLC ("L-3 Vertex"), pursuant to a disability insurance policy underwritten and offered by Cigna. *Id.* In Nueces County Court, Garza requested and received a default judgment against L-3 Communication,[2] which issued on April 21, 2016. Dkt. No. 1 at 3. The Nueces County Court also issued an order of severance to establish a new case file for Garza's claims against Cigna. *Id.* No new

---

[1] Garza's original petition named "L-3 Communication, Inc." as a co-defendant, but subsequent filings made by "L-3 Communications Vertex Aerospace, LLC" in Nueces County Court and before this Court allege that "L-3 Communication, Inc." was not Garza's employer and does not exist as a corporate entity. The Court will therefore refer here to "L-3 Vertex" when referencing the proper party for suit and real party in interest in the above-captioned case.

[2] In issuing a default judgment against this party, the Nueces County Court identified the judgment debtor not by the (incorrect) entity name listed in the pleadings, "L-3 Communication, Inc.," but instead as "L-3 Communications, Inc.".

file was opened, however, leaving L-3 Communication and Cigna as joint parties in Garza's state action. *Id.* On May 20, 2016, Cigna filed an answer to Garza's complaint in Nueces County Court, arguing, among other things, that Cigna was not properly served in the state action, and that all of Garza's claims were preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.*, as amended ("ERISA"). Dkt. No. 1, Ex. 19 at 1. On this same date, L-3 Vertex filed a motion to set aside the default judgment issued against L-3 Communications, Inc. and a motion for a new trial, arguing in part that Garza had failed to sue and properly serve the correct party in interest, L-3 Vertex, and that her claims were preempted by federal law. Dkt. No. 1, Ex. 20 at 1-2. Finally, on May 26, 2016, Cigna filed a notice of removal with this Court, consented to by L-3 Vertex, asserting federal jurisdiction under 28 U.S.C. §§ 1331 and 1332(a).

Garza filed a motion to remand on June 24, 2016, Dkt. No. 8, and filed a supplement to this motion on July 11, 2016, Dkt. No. 9. In her motions, Garza did not dispute the jurisdictional bases for removal pled by Cigna, but instead argued that removal was untimely. *See* Dkt. Nos. 8 and 9. Garza also argued that Cigna lacked the power to remove this action following the Nueces County Court's order of severance and its issuance of a final judgment. Dkt. No. 9 at 5-6. L-3 Vertex filed a response to both of Garza's motions on July 27, 2016. Dkt. No. 12. Cigna filed its own response to these on July 28, 2016. Dkt. No. 13. Both L-3 Vertex and Cigna argued that removal of this action was timely filed, as a result of deficient service of process to both entities. *See* Dkt. Nos. 12 and 13. Cigna further argued that as the Nueces County Court never actually severed Garza's state court action, Cigna was empowered to file the notice of removal bringing this action into federal court. Dkt. No. 13 at 9-10. On August 21, 2016 Garza filed an amended complaint, Dkt. No. 17, followed by a motion for leave to file this complaint, Dkt. No. 18, filed on September 9, 2016. L-3 Vertex filed its response to this motion on September 22, 2016. Dkt. No. 19. Cigna filed its response on September 26, 2016. Dkt. No. 20. While all of the motions referenced here were pending, Garza filed a notice of settlement, Dkt. No. 21. Finally, on November 10, 2016, the parties jointly filed an "Agreed Motion to Set

Aside Default Judgment and Dismiss with Prejudice" attaching an "Agreed Order of Dismissal with Prejudice." Dkt. No. 22.

## II. Legal Standard

<u>Removal and Jurisdiction</u>

Federal district courts have original jurisdiction in civil actions where the matter in controversy exceeds $75,000 and complete diversity exists between the parties. 28 U.S.C. § 1332(a). District courts also have removal jurisdiction over any civil action within their original jurisdiction. *Id.* § 1441(a). Accordingly, a civil action filed in state court may be removed to the district court if the matter in controversy exceeds $75,000 and complete diversity exists between the parties, provided that no defendant is a resident of the forum state. *See id.* § 1332(a); *see also id.* § 1441(a)–(b).

<u>Rule 41(a)(1)(A)(ii)</u>

Federal Rule of Civil Procedure 41 states, in part, that a "plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). In general, such "a voluntary order of dismissal requested by both parties is effective upon filing and does not require the approval of the court." *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 461 (5th Cir. 2010) (quoting *Ramming v. Natural Gas Pipeline Co. of Am.*, 390 F.3d 366, 369 n.1 (5th Cir. 2004)). Put simply, "[u]nder Rule 41(a)(1)(A)(ii), it is clear that the parties to a case may enter into a settlement agreement, sign and file a stipulation of dismissal with the district court, and the dismissal will be effective upon filing notwithstanding any other action by the district court." *Id.* Therefore, once parties to an action file a stipulation of voluntary dismissal pursuant to Rule 41(a)(1)(A)(ii), any further action taken by a court is "superfluous." *Matter of W. Tex. Mktg. Corp.*, 12 F.3d 497, 498 (5th Cir. 1994). Indeed, "a district court's jurisdiction over a case that is settled and voluntarily dismissed by stipulation cannot extend past the filing date absent an express contingency or extension of jurisdiction." *Id.*

Federal Rule of Civil Procedure 60(b)

"A state court judgment in a case properly removed to federal court… can be vacated under Federal Rule of Civil Procedure 60(b)." *FDIC v. Yancey Camp Development*, 889 F.2d 647, 648 (5th Cir. 1989); *see also Beighley v. FDIC*, 868 F.2d 776, 781 (5th Cir. 1989) ("[O]ur case law makes clear that a federal district court can have jurisdiction to vacate a state court judgment.") Rule 60(b) offers, "on motion and just terms," relief from a final judgment for the following reasons: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) newly discovered evidence, (3) fraud, misrepresentation, or misconduct; (4) "the judgment is void"; (5) the judgment no longer deserves prospective application; and (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "Rule 60(b) is applied most liberally to judgments of default," and "unless it appears that no injustice results from the default, relief should be granted." *Azzopardi v. Ocean Drilling & Exploration Co.*, 742 F.2d 890, 895 (5th Cir. 1984).

### III.   Analysis

Voluntary stipulations of dismissal under Rule 41(a)(1)(A)(ii) are normally a straightforward affair. Under the Rule, a plaintiff may voluntarily dismiss an action without a court order, simply "by filing… a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). Upon filing of such a stipulation, the district court is immediately stripped of its jurisdiction over an action, and proceedings prior to filing "become a nullity." *SmallBizPros, Inc.* at 463 (citing *AVX Corp. v. Cabot Corp.*, 424 F.3d 28, 33 (1st Cir. 2005). Here, however, the parties have not merely informed the Court of their stipulation to voluntary dismissal following settlement. Instead, while informing the Court that "all matters and disputes between the parties have been resolved," plaintiff Garza and co-defendants L-3 Vertex and Cigna have asked the Court to enter an order: (i) dismissing "all claims and causes of action by Plaintiff" *and* (ii) granting "the pending motion to set aside default judgment and motion for new trial filed by [L-3 Vertex] on May 20, 2016." Dkt. No. 22 at 3. Given Rule 41(a)(1)(A)(ii)'s jurisdictional

consequences, this is not a simple request. Still, for the reasons set out below, the Court finds that it retains jurisdiction to consider this request, and pursuant to this jurisdiction, does set aside the default judgment at issue.

Removal and Jurisdiction

In view of the Court's dismissal herein of Garza's claims under Rule 41(a)(1)(A)(ii), the Court does not rule on the merits of Garza's motion for remand, Dkt. Nos. 8 and 9. Yet given the jurisdictional aspects of removal, and as the Court may set aside the default judgment at issue only if removal was proper, the Court here affirms its subject matter jurisdiction under 28 U.S.C. § 1332(a) and its removal jurisdiction under § 1441(a). As Cigna averred in its notice of removal, Cigna and L-3 are both completely diverse from Garza, and it is facially apparent from Garza's original petition filed in Nueces County that the amount in controversy deriving from her claim exceeds $75,000. Dkt. No. 1. Additionally, neither Cigna nor L-3 Vertex are residents of Texas. *Id.* Further, Garza's argument that Cigna's notice of removal was not timely filed is not persuasive. Improper service on a defendant does not trigger the thirty-day time period for removal under 28 U.S.C. § 1446(b), and Cigna was never properly served while this action was pending in Nueces County Court. *See* Dkt. No. 13; *Thompson v. Deutsche Bank Nat'l Trust Co.*, 775 F.3d 298, 306 (5th Cir. 2014). Accordingly, the Court finds it has jurisdiction over this action.

Rule 41(a)(1)(A)(ii)

As described above, however, a stipulation of dismissal under Rule 41(a)(1)(A)(ii) typically divests a court of jurisdiction immediately on filing. *See, e.g., American Center for Civil Justice v. Ambush*, 49 F.Supp.3d 24, 26 (D.D.C. 2014) (citing to *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381–82 (1994)) ("Once a case has been dismissed [by stipulation], a federal court does not retain jurisdiction to enforce a settlement agreement simply on the basis of its prior authority over the underlying dispute.") Here, the parties have moved jointly to dismiss this action with prejudice to re-filing, stating that each party will bear its

own costs and fees. *See* Dkt. No. 22. Their motion is signed by all parties to this action. *Id*. They have therefore met the procedural requirements for voluntary dismissal under Rule 41(a)(1)(A)(ii).

Still, the Fifth Circuit has held that a district court may retain its jurisdiction over an action if the parties seeking dismissal under Rule 41(a)(1)(A)(ii) "expressly manifest[]" that this is their intent, either by seeking a court order prior to filing a stipulation of dismissal, or by including "contingent or conditional language" in the stipulation itself. *See SmallBizpros, Inc.* at 463; *see also Ambush* at 26 ("Several courts have concluded that in the context of self-executing stipulations of dismissal, jurisdiction is retained only if (1) prior to filing the joint stipulation, the parties seek a court order retaining jurisdiction over the agreement or embodying the terms of the agreement; or (2) the parties file a joint stipulation that is contingent on a court order retaining jurisdiction.") Here, the parties have filed a voluntary stipulation under Rule 41(a)(1)(A)(ii) while simultaneously requesting that the Court help effectuate their settlement agreement by granting L-3 Vertex's pending motion to set aside the default judgment against it. *See* Dkt. No. 22 at 1.[3] The parties did not move to have the Court retain its jurisdiction over the terms of this agreement prior to filing their stipulation. The Court is therefore without jurisdiction to grant the relief they request unless it construes the parties' stipulation as explicitly contingent on the Court's entry of an order setting aside the default judgment at issue.

Two relevant, interrelated documents are before the Court: an "Agreed Motion to Set Aside Default Judgment and Dismiss with Prejudice" ("Agreed Motion") and an "Agreed Order of Dismissal with Prejudice" ("Agreed Order"), both of which were filed on November 10, 2016, together in the same docket entry. *See* Dkt No. 22. The "Agreed Motion" is signed by Garza alone, but effectively incorporates and attaches the "Agreed Order," which is signed by all parties that

---

[3] Although this motion was filed in Nueces County Court, "when a case is removed the federal court takes it as though everything done in the state court had in fact been done in the federal court." *Murray v. Ford Motor Co.*, 770 F.2d 461 (5th Cir. 1985).

have appeared in this action. *Id.* at 2, 4-5. The "Agreed Motion" states that "[a]ll matters and disputes between the parties have been resolved," and that "[t]he parties have entered into an agreement to resolve all disputes." *Id.* at 1. It also states that "*as part of that agreement*, the parties agreed to file an agreed motion to set aside the default judgment against [L-3 Communications] entered on April 21, 2016, while the case was pending in the 105th Judicial District Court of Nueces County prior to removal to federal court." *Id.* (emphasis added). Finally, it asks the Court to grant this motion and enter "an order of dismissal, with prejudice," of all claims filed by Garza against Cigna and L-3 Vertex. *Id.* at 2.[4]

The parties incorporated their instant request to have the state court default judgment against L-3 Communications, Inc. set aside in the very terms of their settlement agreement. They also included reference to this provision of the agreement in their "Agreed Motion," noting for the Court that their settlement was explicitly provisioned on filing an agreed motion to set aside the default judgment. Of course the parties cannot dictate by stipulation the result they desire from this Court. Yet given the conditional language employed by the parties in their "Agreed Motion" and "Agreed Order," the Court finds that, at a minimum, the parties expressly intended to make their stipulation contingent on the Court retaining jurisdiction to rule on a joint motion to set aside the state court default judgment against L-3 Communications, Inc. Accordingly, the Court here retains jurisdiction to consider the parties' motion to set aside this judgment.

Federal Rule of Civil Procedure 60(b)

The parties do not explicitly invoke Federal Rule of Civil Procedure 60(b) in their instant motion. *See* Dkt. No. 22. Yet L-3 Vertex's predicate pleadings to set aside the state court default judgment against it do reference Rule 60(b), *see, e.g.,*

---

[4] The Court notes that even in this final motion, Garza continues to misidentify L-3 Vertex, by citing instead to "L-3 Communication, Inc." However, in view of prior pleadings where counsel for L-3 Vertex, the real party in interest, has responded to pleadings also improperly naming this defendant as "L-3 Communication, Inc.", *see, e.g.,* Dkt. No. 12 at 24, the Court will construe references to "L-3 Communication, Inc." in the instant motion as identifying "L-3 Vertex."

Dkt. No. 12 at 5, and make clear that the relief sought by the parties is consonant with the relief afforded by the Rule. As noted above, Rule 60(b) may justify setting aside a final judgment on a number of bases, including for "mistake, inadvertence, surprise, or excusable neglect," if a judgment is void, and for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1),(4), and (6). Again, in general, Rule 60(b) "is applied most liberally to judgments of default," and if any injustice to a defendant can be shown as a result of a default judgment, it should be set aside under the Rule. *Azzopardi* at 895. The Court finds that any of the subsections of Rule 60(b) cited directly above could justify relief for L-3 Vertex from the default judgment issued by the Nueces County Court against L-3 Communications, Inc., and that in general, L-3 Vertex has and will continue to suffer injustice as a result of this judgment if it is left to stand.

With respect to Rule 60(b)(1), "in determining whether good cause exists to set aside a default judgment under Rule 60(b)(1)," a court must examine "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008). These inquiries do not all require a specific answer; instead they guide a court in "identifying circumstances which warrant [a] finding of 'good cause'." *Id.* Here, good cause to set aside the default judgment against L-3 Communications, Inc. clearly exists. L-3 Vertex did not willfully default in Nueces County Court. *See* Dkt. No. 1, Ex. 20 at 7; Dkt. No. 12 at 10-11 (arguing that the default was accidental, and not the result of conscious indifference). Setting aside the state court default judgment does not prejudice Garza, as she agreed to ask the Court for this relief pursuant to her settlement with Cigna and L-3 Vertex. *See* Dkt. No. 22. And L-3 Vertex has presented a number of meritorious defenses to the default, including its claim that the state court default judgment was obtained without proper service on L-3 Vertex, and that Garza obtained this judgment against the wrong corporate entity. Dkt. No. 1, Ex. 20 at 7-20; *see also Beighley* at 5 (granting relief under Rule 60(b)(1) where a defendant raised lack of service as a meritorious defense to a state court default judgment).

As the Court finds that setting aside the state court default judgment against L-3 Communications, Inc. is justified under Rule 60(b)(1), it will pretermit lengthy analysis of how 60(b)(4) and 60(b)(6) might also support the relief requested by the parties. In brief, the Court simply notes that the Fifth Circuit has previously found judgments void under (b)(4) where a judgment debtor was never properly served in state court, *see Deutsche Bank* at 306, and that (b)(6) stands as "a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses of the Rule." *Yancey Camp* at 648. Finally, the Court emphasizes the point that without relief from the state court default judgment against L-3 Communications, Inc., L-3 Vertex will continue to suffer injustice. Although L-Vertex was not properly served or named in Nueces County Court, and indeed continues to be misidentified by Garza before this Court, it has expended time and resources on defending itself as the real party in interest in this action. L-3 Vertex has also agreed to enter into settlement with Garza and to voluntary dismissal of this action on the condition that the parties request that the state court default judgment against L-3 Communications, Inc.—a judgment meant to reach L-3 Vertex—be set aside. L-3 Vertex has an appreciable interest in setting aside the state court default judgment at issue, and letting this judgment stand would continue to work injustice on L-3 Vertex. For all of these reasons, the Court sets aside the default judgment against L-3 Communications, Inc. entered by the Nueces County Court on April 21, 2016 pursuant to Federal Rule of Civil Procedure 60(b), and declares it null and void.

### IV. Conclusion

For the foregoing reasons, the parties' Agreed Motion to Set Aside Default Judgment and Dismiss with Prejudice, Dkt. No. 22, is **GRANTED**. To be clear, the Court therefore:

- Retains jurisdiction to rule on setting aside the default judgment against L-3 Communications, Inc. entered by the Nueces County Court on April 21, 2016;

- Does set aside this default judgment, in accordance with the parties' Agreed Motion and Federal Rule of Civil Procedure 60(b), declaring it null and void;
- **DENIES AS MOOT** Garza's motion to remand, Dkt. Nos. 8 and 9, and Garza's motion for leave to amend pleadings, Dkt. No. 18; and
- **DISMISSES** all claims with prejudice, and **DIRECTS** the Clerk to close the above-captioned case.

IT IS SO ORDERED.

SIGNED this 28th day of November, 2016.

_____
Hilda Tagle
Senior United States District Judge